# Richmond.

## VOIGHT v. RABY AND ALS.

### DECEMBER 20th, 1894.

1. EJECTMENT—*Evidence—Exceptions.*—In such action plaintiff must establish in himself a legal title to the possession of the premises, and defendant may confine his evidence to disproving plaintiff's pretensions, except that where defendant entered under plaintiff as tenant, &c., he cannot set up title in a third person.

2. IDEM—*Case at bar.*—The evidence here : *held,* as showing not only no title in plaintiff to the premises in controversy, but also that a survey of the boundaries of said premises made many years previous by the county surveyor, as the property of a third party, plaintiff was present and acquiesced.

Error. to judgment of circuit court of Nansemond county, rendered April 11, 1890, in an action of ejectment, wherein Thomas M. Raby was plaintiff and John T. Voight and Nancy J. Voight, his wife, and Peter B. Prentis, trustee, were defendants. The object of the suit was to recover possession of a certain tract of land, described as the " Statia Hardy " and the " Hezekiah Raby " tracts, which the defendants claimed to hold by adversary possession for over fifteen years under a deed from John R. Kilby, sale commissioner, under a decree of the said court. The judgment being adverse to the defendants, they brought the case here by writ of error and *supersedeas.* Opinion states the case.

*White & Garnett,* for plaintiff in error.

*John H. Wright* and *E. E. Holland,* for defendant in error.

RICHARDSON, J., delivered the opinion of the court.

Such proceedings were had in the said action that the trial came on and was finally had at the October term, 1889, when the jury found a verdict, as follows: "We, the jury, find for the plaintiff a fee-simple title to two hundred and thirty-five acres of the land described in the declaration, and bounded by the Green tract, the land of R. Umphlet, the Robert Johnson land, the Amos Riddick land, the Wilson Ellis tract, the Abram Griffin land, the Henry Raby land, and the land of Thomas M. Raby, as shown on the plats used in evidence in the cause; and that the defendants unlawfully withhold from him the possession thereof." Whereupon the defendants moved the court to set aside the verdict and grant them a new trial, upon the ground that the said verdict was contrary to the law and the evidence; which motion being argued, the court took time to consider of its judgment, and the case was continued until the next term. And at the April term, 1890, the court overruled the motion made at the preceding term to set aside the verdict and grant a new trial, to which ruling of the court the defendants excepted. And thereupon the court proceeded to give judgment according to the finding of the jury, and to said judgment of the court the defendants obtained a writ of error.

At the trial of the cause the court instructed the jury as follows: "The court instructs the jury that if they believe that the defendants have succeeded in proving adversary possession, and in furnishing *prima facie* evidence of its continuance for fifteen years or more, it is then incumbent on the plaintiff to show that the continuity has been interrupted or broken."

The plaintiff claims under the will of his father, James Raby, which is as follows:

"In the —— of God, amen: "I, James Raby, of the Upper parish of Nansemond county, in the State of Virginia, being sick and in low state of health, do make and ordain this, my last will and testament, in manner and form following, to wit:

First. I give my soul to God that gave, and my body to the earth, to be buried in a christian-like manner, at the discretion of my executors hereafter named, and as to such property as God has blessed my labors with, I give and dispose of the same in the following manner, to wit:

Item. I give and bequeath to my son, Henry Jimmerson Raby, the plantation where I now live; also *my & *mill seat and mill; the said land contains fifty acres mo*r* or less; joining Wilson Ellis and Amos Barnes and Kedar Raby; my old gun, my blacksmith's tools *allso*, fifty dollars in cash to be raised out of my estate, for the purpo*s* of schooling him, to him and his heirs forever.

Item. I give and bequeath to my son*e*, Thomas M. Raby, all the remaining part of my land, including the whole in my possession, one old gun and one small one; *allso*, one hundred dollars to be raised out of my estate, for the purpo*s* of schooling him, to him and his heirs.

Item. I give and bequeath to my *nefew*, Quintin Raby, son of Hezekiah Raby, the land where his father formerly lived, containing fifty acres mo*r* or less, with this condition: if the said Quintin Raby should happen to die without a lawful heir, the land to return*e* to my son Thomas M. Raby.

Item. I lend to my beloved 'wife, Parmela Raby, the use of my plantation and land, where I now live, during her natural life or widowhood; *all* so, all the remaining part of my estate, including all my stock of all kinds, and all my household and kitchen furniture, for the purpose of raising my childr*ing* and paying the above named lega*ces* to Henry J. Raby and Thomas M. Raby and my just debts; my will and desire is that after the death or marriage of my wife, Parmela Raby, all the property that may be found of any kind, be equally divided between my three youngest children, to-wit: Thomas M. Raby, Temple and Mediann Raby, *shere and share* alike.

Item. My will and desire is that if either of my sons should

h*appen* to die without a lawful —— the land given them should decend to the other.

Lastly. I nominate and appoint my friend, Jethro Riddick, my *soul* executor to execute this my last will, revoking all other *will ; retify*ing and confirming this to be my last will.

In witness, I have set my hand and seal this 16th day of March, 1829.

JAMES RABY.   [SEAL.]

Signed and acknowledged in the pres*ents* of—

JOHN HARRELL,

JOHN KNIGHT,

his

EDWARD ⋈ SAUNDERS."

mark.

Other than the will aforesaid the plaintiff offered no documentary evidence.

The defendants traced their title back to Rispah Raby, the widow of Hezekiah Raby, deceased, and by a succession of conveyances down to John T. Voight covering a period of some —— years. By reason of the destruction of many of the public records of Nansemond county, the chain of title under which the defendant, John T. Voight, claims, is somewhat irregular; but in the main the defects therein are substantially cured by the official certificates as to the existence and destruction by fire of some of the deeds constituting links in said chain of title, but this is immaterial, under the peculiar circumstances of this case, as will be seen in the progress of this opinion. It will be seen also, that the plaintiff at the trial, somewhat departed from the purpose indicated in the declaration. He was introduced as a witness on his own behalf and testified that he had always claimed the land in controversy, and had not brought suit therefor because of his poverty or inability to bear the expense of litigation. But this pretension is cut up by the roots by the statute, sec. 2916, Code 1887, which declares : " No continual or other claim upon or near any

land shall preserve any right of making an entry or of bringing an action." In the action of ejectment it is incumbent upon the plaintiff, and he must make out a legal and possessory title to the premises in controversy, and the defendants' evidence may be confined to disproving the plaintiff's pretension or rebutting the presumptions which may arise from his proofs. The defendant need not offer any evidence of title in himself or of a third person. It is sufficient if he make it appear that the legal and possessory title is not in the plaintiff: for it is the rule that the plaintiff must recover, if at all, upon the strength of his own title, and cannot do so by reason of the weakness of the defendant's title; the rule being that possession gives the defendant a right against every person who cannot show a good title. Hutchinson's Land Titles; citing *Haldane* v. *Harvey*, 4 Burr, 2484; *Wilson* v. *Inloes*, 11 Gil. & J., 551; *Witten* v. *St. Clair*, 27 W. Va., 770.

This general rule is, however, subject to important qualifications; as to where the defendant has entered under the title of the plaintiff, and in subordination thereto, as tenant, trustee, co-parcener, or licensee, he cannot set up title in a third person, in opposition to that of the plaintiff under which he entered. The plaintiff in the case here not only fails to show that he was entitled to the possession at the time of the institution of this suit, but in effect establishes the fact that he never was at any time in possession, or entitled to possession of any portion of the land in controversy. One of the intermediate alienees of the land in controversy, one Johnson by name, many years ago, and while he was the owner of this land, became embarrassed, and in a suit in equity by his creditors to subject the same to the payment of his debts, J. R. Kilby was appointed commissioner to make sale of the same. A survey was had by the county surveyor of Nansemond county, in order to ascertain the true boundaries and quantity of land contained in the premises in controversy. In making the survey it became necessary to establish the dividing line or boun-

dary between the land in question and that devised by the will of James Raby to the plaintiff below, Thomas M. Raby. The dividing line was run, and found to be a well marked and defined line. At the running of this line, which was many years ago, the plaintiff below, Thomas M. Raby, who is the defendant in error here, was present, acquiesced in the running of said line, making no objection thereto. This effectually overturns the claim attempted to be set up at the trial, that the land in controversy is part of the James Raby tract devised by his will aforesaid.

It is true that at the trial the plaintiff introduced several witnesses, some of them very aged persons, who testified in substance that they had known the land in controversy for many years, and had always understood it to be the James Raby land; but neither of these witnesses professed to know the lines and boundary of the land in controversy, or had been so related to it as to have any peculiar knowledge in respect thereto. Their testimony, therefore, is worth but little, if anything. Much more might be said in respect to the utter want of merit in the claim asserted by the defendant in error, Thomas M. Raby. Perhaps no case was ever presented more utterly barren of merit as the claim thus asserted. Suffice it to say that in no possible view can the judgment of the court below be sustained. We are, therefore, of opinion to reverse said judgment, set aside the verdict of the jury, and remand the cause to the said circuit court of Nansemond county for a new trial to be had therein in accordance with the views expressed in this opinion.

JUDGMENT REVERSED.